**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Champion Power Equipment Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Generac Power Systems Incorporated,<br><br>Defendant. | No. MC-25-00037-PHX-DWL<br><br>**ORDER** |

Champion Power Equipment, Inc. ("Champion") is the plaintiff in two related patent infringement actions. The defendant in the first action, which Champion filed in the District of Arizona in November 2023, is Firman Power Equipment Incorporated ("Firman"). That action is assigned to the undersigned judge. The defendant in the second action, which Champion filed in the Eastern District of Wisconsin in October 2024, is Generac Power Systems, Inc. ("Generac").

Earlier this year, as part of the Generac action, Champion served a deposition subpoena on Greg Montgomery, an Arizona resident who worked for Champion from 2005 to December 2014, then worked briefly for Generac through at least April 2015, and then joined Firman, where he continues to work. In response, Montgomery filed a motion to modify the subpoena. *See Champion Power Equip. Inc. v. Generac Power Sys. Inc.*, Case No. 2:25-mc-00015-DWL (D. Ariz.), Doc. 1. Due to Montgomery's status as an Arizona resident, that motion was filed in the District of Arizona (the compliance court) rather than in the Eastern District of Wisconsin (the issuing court). *See* Fed. R. Civ. P. 45(d)(3).

Under Rule 45(f), the Court could have transferred Montgomery's motion to the Eastern District of Wisconsin after it was filed. The Court declined to do so, in part because it raised scheduling issues that were likely to overlap with scheduling issues in the Firman action. The Court ultimately ruled that "Champion's deposition of Montgomery in the Generac action shall be limited to the time period up to the point of Montgomery's departure from Generac; Champion's deposition of Montgomery in the Firman action (if any) shall be limited to the time period after Montgomery's departure from Generac; and Firman's proposed stipulation in the Firman action to the admissibility of Montgomery's subpoenaed testimony from the Generac action is adopted." *See Champion Power Equip. Inc. v. Generac Power Sys. Inc.*, Case No. 2:25-mc-00015-DWL (D. Ariz.), Doc. 14 at 3.

Now pending before the Court is another motion arising from Champion's attempt to depose Montgomery as part of the Generac action. In that motion, filed on September 29, 2025, Champion accuses Montgomery, Firman, and Generac of "improper stonewalling" by refusing to make Montgomery available to be deposed "until they are subjectively satisfied that Champion's document production is complete." (Doc. 1 at 1.) Champion seeks an order compelling Montgomery, Firman, and Generac "to provide a date certain for Mr. Montgomery's deposition," as well as an award of attorneys' fees. (*Id.* at 8.)

In response, Montgomery defends what he describes as his "unremarkable position that his deposition should occur after the documents relevant to his deposition have been produced in the underlying litigations." (Doc. 13 at 1.) Montgomery also discloses that on October 8, 2025, Generac filed a motion in the Generac Action seeking two related forms of relief: *first*, an order under Rule 37 compelling Champion to complete its production of certain documents; and *second*, a protective order under Rule 26(c) delaying Montgomery's deposition until the requested document production is complete. (Doc. 13-2.) In light of that filing, Montgomery argues that "[t]he Generac Court will resolve this on the merits" and that "there is no reason Champion's motion needs to be resolved on procedure before the court in the Generac Lawsuit resolves the issues on the merits." (Doc.

13 at 9-10, capitalization omitted.)

In reply, Champion largely focuses on defending the merits of its position. (Doc. 14.) Champion acknowledges, however, that the issues raised in its motion overlap with the issues raised in Generac's pending motion in the Generac action—it argues that Montgomery's response "serves as nothing more than a vehicle to rehash Generac's arguments advanced in their Motion for Protective Order in the Eastern District of Wisconsin"—and also acknowledges that "Montgomery's actions are of key importance in the *Champion v. Generac* matter in the Eastern District of Wisconsin." (*Id.* at 1, 4.) Champion does not directly address Montgomery's contention that the judge overseeing the Generac action should be the one to resolve the disputed issues on the merits, although it observes in a footnote that "the Eastern District of Wisconsin does not have personal jurisdiction over Mr. Montgomery," that Montgomery "was properly served in Arizona for a deposition in Arizona, where he resides," and that "Generac filed its motion for protective order only after Champion filed this Motion to Compel and pointed out Generac's failure to file such a motion." (*Id.* at 1 n.1.)

Under these unusual circumstances, the Court concludes that Champion's motion to compel should be transferred to the Eastern District of Wisconsin so it may be resolved by the judge overseeing the Generac action. The current dispute is unlike the previous dispute over the Montgomery subpoena (which the Court declined to transfer and instead resolved) for three reasons: first, it raises issues that overlap with a discovery motion currently pending in the Generac action; second, those overlapping issues have the potential to upset the discovery schedule in the Generac action, and are thus best resolved by the judge overseeing that discovery schedule; and third, the non-party who is the subject of the subpoena, Montgomery, has indicated that he wishes for the issuing court to resolve the merits of the dispute. These considerations justify a transfer under Rule 45(f), which provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." *See also* Fed. R. Civ.

P. 45, advisory committee note to 2013 amendments (noting that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation"); *Buffalo Seafood House LLC v. Republic Servs. Inc.*, 2024 WL 126038, *2 (D. Ariz. 2024) ("The Court is further persuaded that transfer is appropriate here given that a motion to compel is currently pending before the issuing court and that motion involves Mr. Stuart's alleged contractual obligations to sit for a deposition. Given the related nature of the two motions, transfer would avoid the risk of inconsistent rulings and serve judicial economy.") (cleaned up); *Hall v. Marriott Int'l Inc.*, 2021 WL 3129598, *1 (N.D. Cal. 2021) ("Ultimately, whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required.").

Accordingly,

**IT IS ORDERED** that the Clerk is directed to **transfer** Champion's motion to compel (Doc. 1) to the Eastern District of Wisconsin and **close** this miscellaneous action.

Dated this 28th day of October, 2025.

                                                Dominic W. Lanza
                                             United States District Judge